IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VLADIMIR GERSHANOK,

    Plaintiff,

vs.   No. CIV 14-386 RB/SMV

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,
and SILAS T. GARCIA AGENCY &
ASSOCIATES, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vladimir Gershanok sued his insurance agent and insurance company for bad faith and unfair trade practices. Metropolitan Property and Casualty Insurance Company removed the suit to federal court. Plaintiff brought a motion to remand the case to state court. (Doc. 18.) Having reviewed the parties' submissions and arguments, the Court finds that the motion should be **GRANTED**.

**I.     BACKGROUND**

Plaintiff filed a complaint in the First Judicial District, Santa Fe County, State of New Mexico on March 3, 2014. (Ex. 4, Notice of Removal, Doc. 1-4.) He brought claims under New Mexico law against his insurance agent, Silas T. Garcia Agency, and his insurance company, Metropolitan Property and Casualty Insurance Company ("MetLife"). (*Id.*) The Complaint alleges that the insurance company denied payment of his claims in bad faith. (*Id.*)

Defendant Silas T. Garcia sold Plaintiff a MetLife insurance portfolio, including automobile insurance, in December 2006. (Doc. 1-4 at 3.) Plaintiff claims that Defendant Silas

T. Garcia, through its agents, told Plaintiff that MetLife would fulfill all of his family's insurance needs and pay any medical bills in full. (Doc. 1-4 at 2, 6.)

On November 25, 2009, Plaintiff's car was rear-ended by an underinsured motorist. (Doc. 1-4 at 3-4.) According to Plaintiff, his MetLife policy states that it will "pay reasonable medical expenses incurred . . . for bodily injury as a result of an accident involving a motor vehicle . . . ." (Doc. 1-4 at 3.) Plaintiff submitted his medical bills related to the automobile accident on November 25, 2009. (Doc. 1-4 at 4.) In his Complaint, Plaintiff alleges that Defendant MetLife unreasonably delayed payments and refused to pay some portions of the bills. (*Id.*) Plaintiff charges Defendant MetLife with violations of New Mexico's Unfair Insurance Practices Act, N.M. Stat. Ann. § 59A–16–1 *et seq*. ("Insurance Act"), New Mexico's Unfair Trade Practice Act, N.M. Stat. Ann. § 57–12–1 *et seq*. ("UPA"), and the duty of good faith and fair dealing. (Doc. 1-4 at 1.) He also charges Defendant Silas T. Garcia Agency with violating the Insurance Act and the UPA. (Doc. 1-4 at 8-9.)

On April 25, 2014, Defendant MetLife removed the action to this Court based on diversity jurisdiction. (Notice of Removal, Doc. 1.) MetLife is considered a resident of Rhode Island. (*Id.*) The Silas T. Garcia Agency, like Plaintiff, is domiciled in New Mexico. (*Id.*) Generally, because both Plaintiff and Defendant Silas T. Garcia Agency are domiciled in New Mexico, a state action brought in New Mexico is not removable to federal court based on diversity. *See* 28 U.S.C. § 1332 (stating that diversity jurisdiction requires the parties to be citizens of different states). Avoiding this general rule, MetLife alleges that the Silas T. Garcia Agency was fraudulently joined to prevent removal. (Doc. 1.)

On May 23, 2014, Plaintiff filed a Motion to Remand arguing that he has valid and proper claims against Defendant Silas T. Garcia Agency. (Mot. to Remand, Doc. 18.) MetLife contests the Motion. (Def.'s Resp., Doc. 19.)

**II.    STANDARD**

Federal removal statutes "are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "[A]ll doubts are to be resolved against removal." *Warner v. CitiMortgage, Inc.*, 533 F. App'x 813, 816 (10th Cir. 2013) (quoting *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)).

If a plaintiff joins a resident defendant to prevent removal to federal court and the plaintiff has no cause of action against that defendant, the plaintiff has "fraudulently joined" the party. *Dodd v. Fawcett Pubs., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

The party seeking removal "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* The reviewing court must not "pre-try the merits of the plaintiff's claims." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). The standard is less searching than the one triggered by a Rule 12(b)(6) motion to dismiss. *See Montano v. Allstate Indem.*, No. 99-2225, 211 F.3d 1278, 2000 WL 556582, at *2 (10th Cir. 2000) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992)). If a claim against a party "can be dismissed only after an intricate analysis of state law," the party

was not fraudulently joined under the law. *Brazell*, 525 F. App'x at 881 (quoting *Batoff*, 977 F.2d at 853)).

## III.   DISCUSSION

Without delving into the merits, if Plaintiff's Complaint alleges a proper claim against Defendant Silas T. Garcia Agency, then the fraudulent joinder argument fails and the Court must remand the action to state court. *See Brazell*, 525 F. App'x at 881. Plaintiff argues Defendant Silas T. Garcia Agency violated the UPA and the Insurance Act because it made misrepresentations to Plaintiff when selling the insurance policy. (Doc. 18 at 4.)

New Mexico's UPA applies to the sale of insurance. *See* N.M. Stat. Ann. § 57-12-2 (defining trade and commerce under the Act); *Dellaira v. Farmers Ins. Exch.*, 102 P.3d 111, 116 (N.M. Ct. App. 2004) (finding that a plaintiff stated a UPA claim regarding the sale of insurance). To prove a UPA violation, a plaintiff must prove four elements:

> (1) the defendant made a false statement, (2) the defendant made the statement in connection with the "sale . . . of . . . services" and knew that the statement was false, (3) the defendant made the statement in the regular course of trade or commerce, and (4) the statement was one which "may, tends to, or does[ ] deceive or mislead any person."

*Dellaira*, 102 P.3d at 116 (citing *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991)).

Plaintiff claims that Defendant Silas T. Garcia Agency (1) made false statements that MetLife would fulfill all of Plaintiff's insurance needs and pay any medical bills in full, (2) made the statements fraudulently in connection with the sale of insurance, (3) was acting in the regular course of commerce, and (4) made statements which misled Plaintiff. (Doc. 1-4 a 2, 6, 8; Doc. 18 at 4.) Determining whether the Defendant's statements regarding MetLife constitute a violation of the UPA would require an intricate analysis of state law. Considering the level of analysis required, the Court finds that Silas T. Garcia Agency was not fraudulently joined. *See*

*Brazell*, 525 F. App'x at 881. Accordingly, the Court lacks subject matter jurisdiction and the action must be remanded to state court.

Plaintiff also seeks an award of attorney fees and costs incurred while responding to the notice of removal. Such an award is available under 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendant MetLife based its removal action on fraudulent joinder and made good-faith arguments with supporting authority. Given the circumstances of this case, an award of attorney fees and costs is not merited.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 18) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**